IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ASENCION VELA, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Cause No. 2:13cv04 |
| § | | |
| CRAIG A. PINNEY, ET AL., § | | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff Asencion Vela is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and is currently incarcerated at the McConnell Unit in Beeville, Texas. On January 7, 2013, he filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants Pinney and Trevino used excessive force on him, and that the remaining defendants lied to cover up the use of force (D.E. 1). Pending is plaintiff's motion for appointment of counsel (D.E. 14).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint

counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff's pleadings demonstrate that he is reasonably intelligent and articulate. His case is scheduled for an evidentiary hearing on March 28, 2013, where these factors can be further evaluated. He appears, at this stage of the case, to be in a position to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Examination of this factor is premature. Plaintiff's claims have not yet been screened and no trial date has been set.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel. In addition, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's motion for appointment of counsel (D.E. 4) is

denied without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 13th day of March, 2013.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE