IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ASENCION VELA, | § | |
|     TDCJ-CID #1416215, | § | |
| v. | § | CASE NO. 2:13-cv-004 |
| | § | |
| CRAIG A. PINNEY, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE**

This civil rights action was filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that the Court retain plaintiff's excessive force claims against Officer Craig A. Pinney and Sergeant FNU Trevino

in their individual capacities, and that service be ordered on these individuals. It is respectfully recommended further that plaintiff's remaining claims against the remaining defendants be dismissed for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. FACTUAL ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently incarcerated at the McConnell Unit in Beeville, Texas. He filed his original complaint on January 7, 2013, and named the following individuals as defendants: (1) Officer Craig A.Pinney; (2) Sergeant FNU Trevino;[1] (3) Warden Gary L Currie; (4) Assistant Warden Matt Barber; and (5) Captain Stolli. (D.E. 1).

A Spears[2] hearing was held on March 28, 2013. The following allegations were made in plaintiff's original complaint or at the hearing:

---

[1] Plaintiff identified two sergeants with the surname Trevino, but he is suing only the officer that was engaged in the use of force with Officer Pinney on July 20, 2012.

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

At the time of the incident of which plaintiff complains, he was housed in general custody and lived in S-dorm, bunk #105. S-dorm houses approximately 135 men on two floors. The bunks have small curtains that can be closed.

On July 20, 2012, plaintiff was asleep in his bunk. At some point that evening, a cell phone was thrown from the second floor to the first floor. Officer Pinney and Sergeant Trevino called for assistance and charged upstairs. Officer Pinney "karate chopped" the curtain to plaintiff's bunk down, and began hitting plaintiff in the face. Plaintiff fell from his bunk to the ground, and Officer Pinney stomped on his back. The officers pulled plaintiff to his feet and, while placing him in restraints, rammed their knees into his back. By the time Officer Pinney and Sergeant Trevino began escorting plaintiff out of S-dorm, numerous other officers had arrived, including Captain Stolli. Captain Stolli called for a camera and on video charged plaintiff with two major disciplinary cases: attempting to assault Officer Pinney by throwing the cell phone at him; and possession of a cell phone. Plaintiff was not permitted to make a statement on the video recording.

Plaintiff was escorted to medical for a use of force (UOF) medical examination. Plaintiff had documented injuries of a black eye, bruises on the back of his head, and bruises with swelling on his back; however, he was not prescribed pain medication and he did not have any cuts or require stitches. His bruises lasted approximately 2 weeks, and he suffered headaches also.

Following medical, plaintiff was placed in pre-hearing detention (PHD). After he was charged with the disciplinary offenses, plaintiff prepared a written statement denying that he

thrown a cell phone and explaining that he had been in his bunk writing a letter to his wife and had fallen asleep at the time the cell phone was thrown. He noted further that, at the time of the incident, he was up for vote for parole and that he would not have done anything to jeopardize his release. Plaintiff placed his written statement in the prison mail; however, it was delivered to his old housing assignment and on July 25, 2012, it was returned to him, and never considered by the Disciplinary Hearing Officer (DHO).

At the disciplinary hearing, Captain Benavides found plaintiff guilty of the charges against him and as punishment, plaintiff's classification was downgraded to close custody G-5, he lost 365 days earned good time credits, and his line class was reduced to L-1.[3] Plaintiff filed a Step 1 grievance complaining about the disciplinary conviction and in the Step 1 response, prison officials noted that plaintiff had failed to make a statement.

Plaintiff's family made complaints to prison officials after observing plaintiff's injuries, and plaintiff has witnesses who saw officer Pinney punch him in the face. At the time of the UOF, Officer Pinney was on probation for assaulting another inmate, and plaintiff testified that Officer Pinney has a reputation for employing excessive force against inmates. Prior to that date, plaintiff had no hostile encounters with Officer Pinney or Sergeant Trevino.

Through this action, plaintiff seeks declaratory and injunctive relief, and damages for his personal injuries.

---

[3] Plaintiff acknowledged that any challenges to the disciplinary conviction must be pursued in a § 2254 habeas corpus petition.

4

## III.  DISCUSSION

### A.  Legal Standard.

Plaintiff's action may be dismissed for failure to state a claim upon which relief can be granted despite his failure to exhaust administrative remedies.  42 U.S.C. § 1997e(c)(2).  The Supreme Court has held that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); accord Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed.  Id.

### B.  Official capacity claims.

Because plaintiff did not specify, it is assumed that he is suing the individual defendants in both their individual and official capacities.  To the extent he is suing these individual state employees for damages in their official capacities, those claims are against the state itself, and are barred by the Eleventh Amendment.  See Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("[T]he Eleventh Amendment bars recovering § 1983 money damages from [state] officers in their official capacities.").  Thus, it is respectfully

recommended that plaintiff's claims for monetary damages against all named defendants be dismissed as barred by the Eleventh Amendment.

**C.     Analysis of alleged constitutional violations.**

    **1.     Excessive force.**

Plaintiff claims that Officer Pinney and Sergeant Trevino employed excessive force against him in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

To state a claim for excessive force, plaintiff must show that the force was not applied in a good-faith effort to maintain or restore discipline, but was applied maliciously and sadistically to cause harm, and that the injury he suffered was more than *de minimis,* but not necessarily significant.  See Hudson v. McMillian, 503 U.S. 1, 6, 10 (1992); Gomez v. Chandler, 163 F.3d 921, 923-24 (5th Cir. 1999); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).  The factors to be considered are (1) the extent of the injury suffered; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any effort made to temper the severity of a forceful response.  Gomez, 163 F.3d at 923.

Plaintiff has alleged sufficient facts for purposes of § 1915A to state an excessive force claim against Officer Pinney and Sergeant Trevino.  According to plaintiff, he had fallen asleep in his bunk while writing a letter to his wife when the entire cell phone dropping incident occurred, and he was in his bunk lying down when the officers violently pulled

down the curtain and Officer Pinney began hitting him in the face. He claims that Officer Pinney also stepped on his back, and that both officers slammed their knees into his back while he was handcuffed. He did not resist or fight back, and his documented injuries support his rendition of events. Thus, it is respectfully recommended that plaintiff's excessive force claims against Officer Pinney and Sergeant Trevino be retained, and service ordered on these individuals.

### 2. Failure to protect.

Plaintiff contends that Warden Currie and Warden Barber failed to protect him because they allowed Officer Pinney to participate in UOF actions despite the fact that he has a reputation for engaging in excessive force and has been on probation for assaulting offenders in the past.

Prison officials have a duty to protect prisoners from violence at the hand of other prisoners. Cantu v. Jones, 293 F.3d 839, 844 (5th Cir. 2002) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). A prison official is deliberately indifferent to the inmate's safety if the official knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Cantu, 293 F.3d at 844 (citing Farmer, 511 at 847). Deliberate indifference describes a state of mind "more blameworthy than negligence"; there must be "more than ordinary lack of due care for the prisoner's interests or safety." Farmer, 511 U.S. at 835.

Plaintiff claimed that both Currie and Barber have specific knowledge that Officer Pinney is a threat to the health and safety of inmates, but that they allow him to continue

working directly with offenders, and to participate in UOFs, situations that necessarily involve force, such that their actions amount to deliberate indifference. However, plaintiff admitted that he had never talked to either official about Officer Pinney, and he had no evidence as to why he believed Officer Pinney was on probation other than he had heard it from other prisoners. Moreover, plaintiff himself had no prior bad history with Officer Pinney, did not feel threatened by this officer, and he did not request protection from Officer Pinney or otherwise alert prison officials of any threats to his safety. The fact that Officer Pinney might have a bad reputation among inmates does not equate with Warden Currie or Warden Barber having specific knowledge of a risk to plaintiff's safety, and intentionally ignoring that risk. Plaintiff's allegations against these defendants fail to state a constitutional violation, and it is respectfully recommended that plaintiff's failure to protect claims against Warden Currie and Warden Barber be dismissed.

### 3. Captain Stolli.

Plaintiff testified that he named Captain Stolli as a defendant because he called for a use of force following the cell phone being thrown down from the second floor, but he failed to have a camera present when Officer Pinney and Sergeant Trevino charged upstairs and assaulted plaintiff, and he refused to let plaintiff make a statement on the video recording. Plaintiff admits that the assault was over with by the time Captain Stolli arrived upstairs and that Captain Stolli had no personal involvement in the physical force employed. Thus, it appears that plaintiff's complaint against Captain Stolli is that he did not follow UOF procedures correctly because he failed to have a camera available when the officers first

approached plaintiff. However, a mere failure to follow a prison's internal rules, policies, and procedures, without more, does not state a constitutional violation. See <u>Myers v. Klevenhagen</u>, 97 F.3d 91, 94 (5th Cir. 1996). Captain Stolli did not participate in the force, nor did plaintiff contend that Captain Stolli knew or should have known that these officers posed and unreasonable risk to plaintiff's health and safety, and then ignored that risk. Thus, plaintiff fails to state a cognizable constitutional claim against Captain Stolli, and it is respectfully recommended that this claim be dismissed.

## IV. Recommendation

For these reasons, it is respectfully recommended that the Court:

(1) Dismiss plaintiff's claims for monetary damages against defendants in their official capacities as barred by the Eleventh Amendment;

(2) Retain plaintiff's excessive force claims against Officer Pinney and Sergeant Trevino in their individual capacities, and service be ordered on these defendants; and

(3) Dismiss plaintiff's failure to protect/failure to follow procedures against the remaining defendants for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

Respectfully submitted this 3rd day of April, 2013.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).